UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINOD SHARMA AND VIJAY L. SHARMA,<br><br>Plaintiffs,<br><br>v.<br><br>HSI ASSET LOAN OBLIGATION TRUST 2007-1 AND HSI ASSET SECURITIZATION CORP.,<br><br>Defendants. | No. 2:20–cv–921–JAM–KJN (PS)<br><br>ORDER<br><br>(ECF Nos. 9, 12, 13) |

On July 18, 2019, plaintiffs filed a complaint in California Superior Court, alleging twelve claims against defendants in connection with plaintiffs' residential mortgage. (ECF No. 1-1.) On May 8, 2020, Deutsche Bank National Trust Company removed to this court, asserting it is the "real party in interest" in this case and there is federal question jurisdiction.[1] (ECF No. 1.)

On May 11, Deutsche Bank filed a motion to dismiss, and ultimately set the matter for a hearing on June 11 before the undersigned. (ECF Nos. 5, 8.) Pursuant to this court's Local Rules, plaintiffs were obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date—by May 28, 2020. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

writing and shall be filed and served not less than fourteen (14) days preceding the noticed [] hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .").  The court's docket reveals that plaintiffs failed to file a written opposition (or statement of non-opposition) to the motion to dismiss.  However, because plaintiffs are proceeding pro se, the court will provide them with an additional opportunity to respond to the issues raised in the motion to dismiss.  Plaintiffs are warned that further failure to respond may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court—which may include dismissal of their case.  See Local Rules 110, 183; see also Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Further, the court is in receipt of plaintiffs' motion to remand, filed on May 22, 2020. (ECF No. 9.)  The motion as filed is deficient must be re-noticed in compliance with the court's Local Rules.  See Local Rule 230(b) ("[M]atter[s] shall be set for hearing . . . not less than twenty-eight (28) days after service and filing of the motion.").

Additionally, on May 22, 2020, plaintiffs filed a request for entry of default and motion for default judgment. (ECF Nos. 10, 12)  On May 26, the Clerk of the Court declined to enter default.  As such, plaintiff's motion for default judgment is denied without prejudice.  Eitel v McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (default is discretionary and disfavored).

Finally, plaintiffs also requested permission to file electronically. (ECF No. 13.) Generally, "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." See Local Rule 133(b)(2). Plaintiffs' motion for electronic case filing does not provide any good cause for deviance from the Local Rule applicable to unrepresented litigants. As such, the request is denied.

Accordingly, it is HEREBY ORDERED that:

1. The hearing on the motion to dismiss (ECF No. 5), which is presently set for June 11, 2020, is VACATED;
2. Plaintiff shall file a written opposition to the motion to dismiss, or a statement of non-opposition thereto, on or before June 18, 2020;
3. Defendants may file a written reply to plaintiff's opposition on or before June 25, 2020;
4. The motion to dismiss will be taken under submission without oral argument after the expiration of the briefing period, as per Local Rule 230(g);
5. Plaintiffs shall re-notice their motion to remand pursuant to Local Rule 230(b). Available civil law and motion calendar dates before Judge Newman are either July 9, 2020, or July 16, 2020, at 10:00 A.M., in Courtroom #25;
6. Plaintiffs motion for default judgment (ECF No. 12.) is DENIED WITHOUT PREJUDICE; and
7. Plaintiffs' request to file electronically is DENIED.

Dated: June 1, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

shar.921