UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINOD SHARMA AND VINJAY L. SHARMA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>HSI ASSET LOAN OBLIGATION TRUST 2001-1, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-921-JAM-KJN (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 5, 17) |

On July 18, 2019, plaintiffs filed a complaint in California Superior Court alleging twelve claims against defendants HSI Asset Loan Obligation Trust 2007-1 ("HSI Trust"), HSI Asset Securitization Corporation ("HSI Corp."), and 100 doe defendants in connection with plaintiffs' residential mortgage. (ECF No. 1-1 at 2, 7.) Deutsche Bank National Trust Company ("DBNTC"), claiming to be the real party defendant in interest in this action as trustee for the HSI Trust, removed to this court and moved to dismiss.[1] (ECF Nos. 1, 5.) Plaintiffs opposed dismissal, and moved to remand the case. (ECF No. 17.)

The undersigned recommends:  (I) denying plaintiffs' motion to remand; and (II) dismissing plaintiffs' complaint with prejudice based on California res judicata.

---

[1] Plaintiffs represent themselves in this action without assistance of counsel; thus, this case precedes before the undersigned pursuant to Local Rule 302(c)(21).  See 28 U.S.C. § 636(b)(1).

1

**BACKGROUND**[2]

In April 2007, plaintiffs borrowed $875,000 from American Brokers Conduit ("ABC") for a refinance loan secured by a deed of trust recorded against the property at 8645 Bradshaw Road

---

[2]  Those facts ascertainable from the complaint are included in this background section, and are construed in the light most favorable to plaintiff—the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, the court is not required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Here, plaintiffs' complaint filed in the Superior Court in this case, which is appended to defendant's Notice of Removal (see ECF No. 1-1 at 7-40), fails to describe the nature of this case with any level of specificity. Instead, plaintiffs merely mention 29 exhibits, all of which are documents relating to the subject property's mortgage, refinance loan, and subsequent foreclosure. (See, generally, id.) Most of these exhibits are mentioned by name and accompanied with short, conclusory statements. For example, plaintiffs state: "Exhibit 2 is . . . from the outset void ab initio and unenforceable[,]"; "Exhibit 4 is both predatory and another fraudulent pick-a-payment mortgage[,]"; and "Exhibit 27 is the evidence of the wrongful foreclosure and damages suffered by the [p]laintiff." (ECF No. 1-1 at 10, 11, 16.) However, due to a procedural/technical error by plaintiffs in state court, these exhibits were not attached to their *state* complaint, but instead were returned to plaintiffs. (See, e.g., id. at 49.) Therefore, the undersigned cannot view the exhibits, and is left with very few facts to rely on in the complaint.

However, when reviewing a motion to dismiss, courts are permitted to consider undisputed facts contained in judicially-noticeable documents without converting the motion to one of summary judgment. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."); see also Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (judicial notice proper for exhibits "on which the [c]omplaint necessarily relies."). Here, defendant has provided a number of exhibits that are judicially noticeable, and so the court will rely upon these documents in these findings and recommendations. See Fed. R. Evid. 201. These include defendant's "Exhibit A" ("Deed of Trust" between plaintiffs and American Brokers Conduit, dated April 12, 2007), "Exhibit B" ("Notice of Default and Election to Sell Under Deed of Trust," dated January 27, 2010), and "Exhibit C" (the foreclosing "Trustee's Deed Upon Sale," dated August 5, 2010). (See ECF No. 5-3.) Gamboa v. Tr. Corps, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and are easily verifiable."). Additionally, plaintiffs' third amended complaint from the 2012 action in California Superior Court (the "Prior 3AC") and its accompanying exhibits/documents are useful here to understand the case now before the court. (See ECF No. 5-3 at "Exhibit D" pp. 26-76.) Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record). The Prior 3AC involves the parties now before the court and concerns the same mortgage, foreclosure, and property. (Compare ECF No. 5-3 at 26-72 (Prior 3AC), with ECF No. 1-1 (instant complaint).)

in Elk Grove, California. (See ECF No. 5-3 at "Exhibit A" pp. 2-17.) Plaintiffs initially purchased the property in July 2000. (ECF No. 1-1 at 10.) The deed of trust listed plaintiffs as the borrowers and American Brokers Conduit as the lender. (See ECF No. 5-3 at 2.) In January 2010, a notice of default was recorded, indicating that plaintiffs were approximately $30,000 in arrears. (See ECF No. 5-3 at "Exhibit B" pp. 19-21.) In August 2010, foreclosure proceedings were initiated and the property was sold at a trustee's sale to DBNTC "as trustee for HSI Loan Obligation Trust 2001-7." (See ECF No. 5-3 at "Exhibit C" pp. 23.)

Less than a month after foreclosure, on August 26, 2010, plaintiffs filed an action in Sacramento County Superior Court, naming numerous defendants including HSI Corp. and "Deutche Bank as Trustee for HSI Loan Obligation Trust 2001-1." (See ECF No. 5-3 at 81, noting that the original complaint was initially filed on Aug. 26, 2010.) Plaintiffs amended three times, and the Prior 3AC challenged the foreclosure sale based on claims of "wrongful foreclosure" and violation of California Business Code § 17200. (See ECF No. 5-3 at 26-50.) On January 28, 2013, the California Superior Court sustained defendants' demurrer of plaintiffs' 3AC, dismissing plaintiffs' 3AC with prejudice and closing the case. (See ECF No. 5-3 at 81-82, the January 2013 judgment of dismissal of the Prior 3AC.) Plaintiffs appealed the judgment, but the Third District Court of Appeal dismissed on April 25, 2013, for failure to designate the record. (See ECF No. 5-3 at 84.) The subject property was vacated, and DBNTC sold the property to a third party in December 2013. (See ECF No. 5-3 at 87-88.)

**Procedural Posture for Case 2:20-cv-921**

On July 18, 2019, plaintiffs filed the instant complaint in California Superior Court (Sacramento County) against HSI Trust, HSI Corp., and 100 does alleging the following claims: (1) wrongful foreclosure; (2) violation of California Civil Code § 2924; (3) declaratory relief; (4) declaratory relief to void or cancel substitution of trustee and notice of defaults; (5) breach of contract; (6) declaratory relief under California Business and Professions Code § 17200; (7) wrongful foreclosure; (8) violation of the Fair Debt Collection Practices Act; (9) civil conspiracy; (10) mail and wire fraud, 18 U.S.C. §§ 1341, 1344; (11) bank fraud, 18 U.S.C. §§ 1341, 1344; and (12) violation of 18 U.S.C. §§ 1001, 1005. (See ECF No. 1-1 at 7, 23-34.)

3

DBNTC, who is not a named defendant, removed the action to this court on May 4, 2020, claiming to be the real party in interest as trustee for the HSI Trust, and on behalf of HSI Corp.[3] (See ECF No. 1 at 3.)  Thereafter, DBNTC moved to dismiss plaintiffs' claims with prejudice. (ECF No. 5.)  In response, plaintiffs moved to remand (ECF No. 17) and opposed DBNTC's Motion to Dismiss (ECF No. 16).  DBNTC replied to plaintiffs' opposition (ECF No. 20) and opposed remand (ECF No. 21.)  The court took the motion to dismiss and motion to remand under submission without oral argument.  (ECF Nos. 15, 22.)  Additionally, plaintiffs have twice requested entry of default against HSI defendants, each of which were denied by the Clerk of the Court.  (See ECF Nos. 10, 14, 18, 19.)

**DISCUSSION**

**I.  DBNTC's Removal and Plaintiffs' Motion to Remand**

Plaintiffs seek remand, claiming DBNTC's Notice of Removal was untimely and based on hearsay, that no federal question jurisdiction exists, and that the Rooker-Feldman doctrine bars removal.  (See generally ECF No. 17.)

DBNTC claims it is the real party in interest, and the case is removable based on federal question jurisdiction because plaintiffs' state-court complaint alleges a violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692.  (ECF No. 1.)  Further, DBNTC claims that this court has supplemental jurisdiction over plaintiffs' 11 other claims under 28 U.S.C. § 1367(a).  (Id.)

The undersigned finds DBNTC to be the real party in interest in this action, and finds removal to be proper under 28 U.S.C. §§ 1331, 1367(a), and 1446.

///

---

[3] Counsel for DBNTC asserts that they represent both HSI Trust and HSI Corp. in this matter. (See ECF No. 1 ¶ 16 ("As of the date of filing, [p]laintiffs have not established effective service on the HSI [d]efendants.  In any event, DBNTC is removing the State Court Action to this Court[,] as trustee for HSI Trust and HSI Corporation consents to removal.").)  The undersigned finds DBNTC has satisfied the Ninth Circuit's unanimity requirement.  See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) ("[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

4

**Legal Standard – Remand and Remand**

Under the removal statute, a defendant may remove a case to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). The party seeking removal bears the burden of establishing federal jurisdiction. Id. A notice of removal is to contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Removal is to be noticed "within 30 days of receipt of the initial pleading," or, in cases of diversity jurisdiction, within "one year after commencement of the action." 28 U.S.C. § 1446(b), (c).

However, federal courts are courts of limited jurisdiction, and so the statute is strictly construed against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Filing a motion to remand is the proper way to challenge removal. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). While a district court may remand a case for lack of subject-matter jurisdiction sua sponte at any time, a court may only remand a case based on defect in removal procedure upon the timely filing of a motion to remand. 28 U.S.C. § 1447(c).

**Analysis**

**A. Federal question jurisdiction is evident from the face of plaintiffs' complaint.**

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

Plaintiffs' eighth cause of action explicitly alleges a violation of the Fair Debt Collections Practices Act, a federal law. The complaint alleges that "[a]t the time the [d]efendants claimed

5

they acquired the subject note and mortgage, [the defendant] claimed it was in arrears and therefore the FDCPA applies to the [d]efendants as debt collectors." (ECF No. 1-1 at 31.) Further, plaintiffs allege that defendants "made demands . . . for payments . . . by means of the US mail[,]" thereby violating the FDCPA on "multiple and separate occasions." (Id.) Under the "well-pleaded complaint rule," plaintiffs' complaint states a cause of action created by federal law under the FDCPA. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Provincial Gov't of Marinduque, 582 F.3d 1083 at 1091. Accordingly, a proper basis exists for DBNTC's removal under 28 U.S.C. § 1331. See Green v. All. Title, 2010 U.S. Dist. LEXIS 92203, at *6-8 (E.D. Cal. Sep. 2, 2010) (finding removal to be proper based on plaintiff's claim under the FDCPA, and exercising supplemental jurisdiction over plaintiff's state law claims).

Plaintiffs also request the court sever and remand any remaining state law claims. (See ECF No. 17 at 12-15.) However, a court may exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c). Here, plaintiffs' federal and state law claims are based on the same facts and allegations, and so the undersigned declines to sever the state claims in the interest of judicial economy and convenience. See Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) ("The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity.").

**B. DBNTC's is the real party in interest in this action.**

Under 28 U.S.C. § 1446(b)(1), a defendant's 30 day window to remove a case to federal court does not begin to run until "formal service" has been effected. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

The "mere receipt" of a complaint, unaccompanied by formal service, is insufficient to trigger the removal clock. Id.; see also Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691, 635 F.3d 1128, 1133 (9th Cir. 2011). Generally, a later-served defendant's right of removal is separate from that of an earlier-served defendant. See 28 U.S.C. § 1446(b)(2); HSBC Bank USA, Nat'l Ass'n v. Mohanna, 2015 U.S. Dist. LEXIS 106930, at *9 (N.D. Cal. Aug. 13, 2015).

////

1    Even when a party is not named in an action, such as when a party is mistakenly omitted
2    from the initial complaint or a plaintiff names the wrong defendant, the intended defendant is
3    allowed to remove to federal court.  See Goldsmith v. CVS Pharmacy, Inc., 2020 U.S. Dist.
4    LEXIS 59507, at *7 (C.D. Cal. Apr. 3, 2020) (finding that an unnamed third party was entitled to
5    remove upon showing that it had authority to respond on behalf of a named defendant).  The
6    unnamed defendant, known as a "real party defendant in interest," is a party who has the duty
7    sought to be enforced or enjoined, or who has "the actual interest or control over the subject
8    matter of the litigation."  Mohanna, 2015 U.S. Dist. LEXIS 106930 at *10 (citing La Russo v. St.
9    George's Univ. Sch. of Med., 747 F.3d 90, 96-97 (2d Cir. 2014)).  "[A] real party defendant in
10   interest is . . . entitled to remove, but if it seeks removal, it must act promptly because its thirty-
11   day removal window begins when it is on notice that the wrong defendant has been named."  Id.

12   Under the Federal Rules of Civil Procedure, an entity's capacity to "sue or be sued" is
13   determined by the law of the forum state.  See Fed. R. Civ. P. 17.  Under California law, "a trust
14   is not an entity and any action by or against the trust must proceed through the trustees . . . in their
15   representative capacity . . . ."  Mehl v. Wells Fargo Home Mortg. LLC, 2019 U.S. Dist. LEXIS
16   22888, at *13 (E.D. Cal. Feb. 11, 2019) (quoting Portico Mgmt. Grp., LLC v. Harrison, 202 Cal.
17   App. 4th 464, 475 (2011)).  "[T]he trustee is the real party in interest with standing to sue and
18   defend on the trust's behalf."  Id. (quoting Estate of Giraldin, 55 Cal. 4th 1058, 1074 (2012)); see
19   also Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1231 (9th Cir. 2019) ("[T]he trustee is
20   the real party in interest, and so . . . here, HSBC—the trustee of a traditional trust . . . was the real
21   party in interest to the litigation.").

22   Here, DBNTC asserts it is the trustee for the HSI Trust, and submits the foreclosing
23   "Trustee's Deed Upon Sale" in support.  (ECF No. 5-3 at 23.)  As such, DBNTC contends it has
24   the actual interest and control of the trust that is subject to litigation.  The court agrees, and so
25   finds DBNTC entitled to remove.  See Mehl, 2019 U.S. Dist. LEXIS 22888 at *13 (finding
26   plaintiff failed to proffer evidence refuting the trust's obligation on a home loan); Mohanna, 2015
27   U.S. Dist. LEXIS 106930 at *13-14 (finding that a trustee was the real party defendant in interest
28   in litigation involving a trust).

As to timing, DBNTC filed its Notice of Removal on May 4, 2020, stating that it became aware of plaintiffs' action when HSBC informed DBNTC of plaintiffs' action in state court on April 7, 2020. (ECF Nos. 1 at 4; 21-1 ¶ 17.) Specifically, DBNTC states that HSBC sent documents from the state action to DBNTC's parent corporation, Deutsche Bank, AG, who then passed these documents to DBNTC. (See ECF No. 21 at 10-11; 21-1 at ¶ 12).) DBNTC maintains that it has never been served in this matter. (See ECF Nos. 1 at 4; 21 at 4-5.) This appears to be the case. (See ECF Nos. 1 at ¶¶ 5-6; 1-1 at 2-7; 21 at 10-11; 21-1 at ¶ 12.) Accordingly, the undersigned finds that DBNTC's Notice of Removal was timely and proper per 28 U.S.C. § 1446, as it was filed within 30 days of first becoming aware of plaintiffs' action in California Superior Court. See 28 U.S.C. § 1446(b)(1); La Russo, 747 F.3d 90, 96-97; Gebran v. Wells Fargo Bank, N.A., 2016 U.S. Dist. LEXIS 179419, *11 (C.D. Cal. Dec. 28, 2016) (finding real party in interest's removal within 30 days after it became aware of the suit to be proper); see also Mohanna, 2015 U.S. Dist. LEXIS 106930, at *18 ("The purpose of the later-served defendant rule is fairness—to avoid the manifest unfairness of depriving later-served defendants of a federal forum, and to prevent plaintiffs from unfairly manipulating the forum determination by delaying service on defendants most likely to remove.").

**II.    DBNTC's Motion to Dismiss**

Defendant DBNTC moves to dismiss plaintiffs' entire complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) "solely and expressly in its capacity as [t]rustee" for HSI Trust and HSI Corp. (See ECF No. 5.) DBNTC's arguments are multifaceted, arguing plaintiffs' claims are: (1) barred by claim prelusion/res judicata; (2) barred by the relevant statutes of limitations; and (3) insufficiently pled. (See ECF No. 5-1 at 2.) Further, DBNTC argues that the HSI defendants and complaint should be dismissed with prejudice under Rule 12(b)(7) for failure to name parties who must be joined. (See id.)

Plaintiffs oppose, mainly claiming the HSI Trust no longer exists and so DBNTC's motion is based on hearsay. (See generally ECF No. 16.) Where plaintiffs assert other specific legal arguments, the undersigned addresses them below.

///

**Legal Standard – Motion to Dismiss**

A motion to dismiss brought under Rule 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's failure to state a claim upon which relief can be granted. This generally encompasses two scenarios: where the complaint lacks a cognizable legal theory, or where it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

When a court considers whether a complaint states a claim upon which relief may be granted, all well-pleaded factual allegations must be accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non-moving party. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342, n.7 (9th Cir. 2010) (liberal construction appropriate even post-Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis – Claim Preclusion**

In the interest of judicial economy, the undersigned takes up DBNTC's argument most dispositive of plaintiffs' causes of action. Simply, the undersigned finds that California res judicata principles apply here, precluding plaintiffs' action.

Claim preclusion is an affirmative defense available by motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). Under the Full Faith and Credit Clause of the U.S. Constitution, federal courts "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." See U.S. Const. art. IV, § 1; 28 U.S.C. § 1738; White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012) (citing Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984)). "[T]o determine the preclusive effect of [a] California state court decision, [the court applies] California law." Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007); see also Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2013) (claim preclusion is known as res judicata under California law and "describes the preclusive effect of a final judgment on the merits.").

Res judicata is premised on the principle that "the party to be affected, or some other with whom he is in privity" has previously litigated the same issue and "should not be permitted to litigate it again . . . ." Citizens for Open Access etc. Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1064-65 (1998). Like other jurisdictions' claim preclusion doctrines, res judicata bars any claim that could have or should have been litigated in the prior action. See Palomar Mobilehome Park Ass'n v. San Marcos, 989 F.2d 362, 364 (9th Cir. 1993). Res judicata "precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action." Adam Bros. Farming v. Cnty. of Santa Barbara, 604 F.3d 1142, 1148-49 (9th Cir. 2010).[4]

---

[4] "A court may take judicial notice of its own files and of documents filed in other courts for the purpose of determining whether a party's claims are barred by res judicata." Lucore v. US Bank, NA, 2018 U.S. Dist. LEXIS 30789, at *6 (S.D. Cal. Feb. 26, 2018) (citing, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noticing prior action documents for res judicata analysis)).

**1. The instant action and plaintiffs' prior action involve the same claims.**

To determine whether a party is litigating the same claims for purposes of res judicata in California, courts apply the "primary rights" theory. See Furnace v. Giurbino, 838 F.3d 1019, 1024 (9th Cir. 2016). Two claims or causes of action are considered the same claim if they arise from "the same invasion of a primary right." Adam Bros. Farming, 604 F.3d at 1149 (citation omitted). A "primary right" is the "right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." Id. (citations omitted). Thus, res judicata focuses on the underlying harm suffered—not the cause(s) of action asserted. See Furnace, 838 F.3d at 1024; see also Crowley v. Katleman, 8 Cal. 4th 666, 682 (1994) ("[T]he violation of a single primary right gives rise to but a single cause of action."). "Consequently, 'if two actions involve the same injury to the plaintiff and the same wrong by the defendant[,] then the same primary right is at stake[—]even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief [or] adds new facts supporting recovery.'" Frank v. Ocwen Loan Servicing, LLC, 2017 U.S. Dist. LEXIS 221967, at *10 (C.D. Cal. Mar. 30, 2017) (quoting Furnace, 838 F.3d at 1024). In California, wrongful foreclosure can be alleged under a number of legal theories, but often relate to the same primary right—the right to control the real property at issue. See Prado v. Quality Loan Serv. Corp., 2014 U.S. Dist. LEXIS 1129, at *1-2 (N.D. Cal. Jan. 6, 2014) (applying California res judicata where the plaintiff was seeking "a remedy for the same injury in both cases—in essence, a wrongful foreclosure").

The undersigned finds plaintiffs are now attempting to relitigate the same alleged wrongs as in the 2012 action. Both proceedings concern the same real property, refinance loan, and foreclosure proceeding. (Compare ECF No. 1-1 at 7-40, with ECF No. 5-3 at 26-76.) In essence, both actions challenge the validity of the appointment/substitution of the trustee (compare ECF Nos. 1-1 ¶¶ 28 and 94; with 5-3 ¶ 33), the trustee's standing to declare default (compare ECF Nos. 1-1 ¶¶ 67 and 138; with 5-3 ¶¶ 39 and 59), and various aspects of the loan and subsequent foreclosure proceedings, including the validity and enforceability of documents (compare, generally, ECF Nos. 1-1 at 7-40; with 5-3 at 26-76.) Additionally, both complaints allege fraud and conspiracy by and among defendants relating to the aforementioned proceedings and

documents.  (Compare ECF Nos. 1-1 ¶¶ 68, 70, 147-69; with 5-3 ¶ 53.)  Despite slight differences in the two actions, such as the addition of federal FDCPA and RICO-styled fraud claims in the instant complaint (see ECF No. 1-1 at 21, 30-31, 32-34), both actions seek compensation for the same alleged injury—the loss of the Elk Grove property.  Palomar Mobilehome Park Ass'n, 989 F.2d at 364; see also Janson v. Deutsche Bank Nat'l Tr. Co., 2015 U.S. Dist. LEXIS 33719, at *19 (N.D. Cal. Mar. 18, 2015) ("[C]ourts in this District have repeatedly recognized that, under California law, plaintiffs seeking to set aside a foreclosure may not relitigate their claims in subsequent actions, even when the second lawsuit asserts different causes of action or challenges different aspects of the loan or foreclosure process.").

Plaintiffs defend that the 2012 action concerned an eviction, not foreclosure, and therefore res judicata is inapplicable here.  (ECF No. 16 at 6.)  However, plaintiffs' 2012 3AC plainly alleges wrongful foreclosure and other claims identical to those now before the court, all based on the same injuries to plaintiffs.  (See ECF No. 5-3 at 35-99.)  Furthermore, plaintiffs do not allege any new facts or legal basis to relitigate their clams.  Therefore, the undersigned finds that plaintiffs' complaints concern the same "primary right," satisfying the first element of claim preclusion/res judicata.  See Thrower v. Nationstar Mortg. LLC, 2017 U.S. Dist. LEXIS 180607, at *8 (E.D. Cal. Oct. 30, 2017) (finding that despite the addition of new facts and claims, plaintiff could not overcome res judicata where both actions involved the same mortgage loan and foreclosure); Frank, 2017 U.S. Dist. LEXIS 221967, at *9-14.

**2. Both actions involve the same parties.**

Res judicata requires that the parties before the court be identical or in privity with the parties to prior litigation.  See Janson, U.S. Dist. LEXIS 33719, at *28 (citing Mycogen, 28 Cal. 4th at 896-97).  Privity includes "a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights."  Id. (citing Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1069 (1998)) (citations and internal quotes omitted); see also DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 825 (2015) ("In this context, a party is one who is directly interested in the subject matter, and had a right to make a defense, or to control the proceeding,

and to appeal from the judgment.") (internal quotes omitted).  In the context of home mortgages and foreclosures, courts have found that assignors and assignees of a mortgage are in privity with one another.  See, e.g., Lomeli v. JPMorgan Chase Bank, N.A., 2015 U.S. Dist. LEXIS 189388, at *16-17 (C.D. Cal. Oct. 5, 2015) (collecting cases holding that subsequent assignees of a debt are in privity for purposes of res judicata).

Here, the HSI Trust was named in both this action and in the 2012 action, satisfying the "same parties" element of res judicata.  (Compare ECF No. 1-1 at 7-9, with ECF No. 5-3 at 29.)  Further, DBNTC was a named defendant in the 2012 action, and has an interest in this action's subject matter because it possesses the right to control and defend the litigation (as trustee for the HSI Trust and the real party defendant in interest).  (See Section I.B., above.)  Accordingly, the second element of res judicata is satisfied.  See Frank, 2017 U.S. Dist. LEXIS 221967, at *14-15 (finding the second element of res judicata to be satisfied where the plaintiff before the court was the plaintiff in the instant federal and prior state actions, and the defendants before the court were either named or in privity with those in the prior action); Janson, U.S. Dist. LEXIS 33719, at *28.

**3.   The prior action in state court resulted in a final judgment on the merits.**

A final judgment on the merits is one where "no further judicial act remains to be done to end the litigation."  Frank, 2017 U.S. Dist. LEXIS 221967, at *15 (quoting People v. Scott, 85 Cal. App. 4th 905, 919 (2000)).  "In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second action on the same facts."  Palomar Mobilehome Park, 989 F.2d at 364 (quoting Crowley v. Modern Faucet Mfg. Co., 44 Cal. 2d 321 (Cal. 1955)); see also Janson, U.S. Dist. LEXIS 33719, at *30 ("Courts in this District have routinely held that sustaining a general demurrer and dismissing a case with prejudice constitutes a final judgment on the merits under California state claim preclusion law.").  "Unlike the federal rule and that of several states, in California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired."  Kay, 504 F.3d at 808 (citing Franklin & Franklin v. 7-Eleven Owners for Fair Franchising, 85 Cal. App. 4th 1168, 1174 (2000)).

Here, the Superior Court of California dismissed plaintiffs' 2012 3AC with prejudice on January 28, 2013 after sustaining defendants' demurrer. (ECF No. 5-3 at 81-82.) Additionally, The Third Appellate District dismissed plaintiffs' appeal on April 25, 2013. (Id. at 84.) Together, this constitutes a final judgment on the merits, satisfying the third element of res judicata. See Kay, 504 F.3d at 808; Palomar Mobilehome Park, 989 F.2d at 364; Janson, U.S. Dist. LEXIS 33719, at *30-31.

**Conclusion**

Because plaintiffs' claims are barred by res judicata and cannot be saved by amendment, the undersigned recommends dismissing all claims without leave to amend. Cahill, 80 F.3d at 339; see also Mack v. California, 2019 U.S. Dist. LEXIS 226992, at *35 (C.D. Cal. Aug. 9, 2019) (finding that leave to amend would be futile because res judicata barred any and all claims stemming from foreclosure proceedings) (citing McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004)). Plaintiffs do not allege any conduct by defendants occurring after plaintiffs' prior action commenced in 2010, and plaintiffs provide no justification for relitigating their claims in a new forum. See Agha-Khan v. Bank of Am., 2017 U.S. Dist. LEXIS 102349, at *21 (E.D. Cal. June 30, 2017) (finding leave to amend futile because res judicata barred claims relating to foreclosure, including fraud claims); Munir v. Bank of N.Y. Mellon, 2015 U.S. Dist. LEXIS 67293, at *13 (N.D. Cal. May 22, 2015) (finding leave to amend futile in mortgage case based on res judicata where plaintiff failed to identify any new facts or theories of liability beyond those set forth during the prior proceeding).

**RECOMMENDATIONS**

For the reasons stated above, it is HEREBY RECOMMENDED that:

1. Plaintiffs' Motion to Remand (ECF No. 17) be DENIED;
2. Defendant's Motion to Dismiss (ECF No. 5) be GRANTED;
3. Plaintiffs' complaint be DISMISSED WITH PREJUDICE; and
4. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 16, 2020

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Shar.921