UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINOD SHARMA AND VINJAY L. SHARMA,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>HSI ASSET LOAN OBLIGATION TRUST 2001-1, et al.,<br><br>　　　　　　Defendants. | No.  2:20-cv-921-JAM-KJN (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 34) |

　　　　On July 18, 2019, plaintiffs filed a complaint in California Superior Court alleging twelve claims against defendants HSI Asset Loan Obligation Trust 2007-1 ("HSI Trust"), HSI Asset Securitization Corporation ("HSI Corp."), and 100 does in connection with plaintiffs' residential mortgage.  (ECF No. 1-1 at 2, 7.)  Deutsche Bank National Trust Company ("DBNTC"), claiming to be the real party defendant in interest in this action as trustee for the HSI Trust, removed to this court and moved to dismiss.[1]  (ECF Nos. 1, 5.)  Plaintiffs opposed dismissal, and moved to remand the case.  (ECF No. 17.)  The undersigned recommended plaintiff's motion to remand be denied, and the case be dismissed under res judicata principles.  (ECF No. 23.)  The assigned district judge adopted the findings and recommendations in full and entered judgment.  (ECF

---

[1] Plaintiffs represent themselves in this action without assistance of counsel; thus, this case proceeds before the undersigned pursuant to Local Rule 302(c)(21).  See 28 U.S.C. § 636(b)(1).

1

Nos. 28, 29.) Thereafter, plaintiffs appealed. (ECF No. 30.) On January 25, 2022, the Ninth Circuit reversed, holding the plain language of the removal statute only permits "the actual named defendant or the defendants [to] remove a case . . . ." (ECF No. 34.) The mandate was issued February 16, 2022. (ECF No. 35.) Thereafter, the assigned district judge referred the matter to the undersigned for all further proceedings. (ECF No. 36.)

## RECOMMENDATIONS[2]

For the reasons stated in the Ninth Circuit's opinion, it is HEREBY RECOMMENDED this case be REMANDED to the Sacramento Superior Court, and the Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 18, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, shar.921

---

[2] Motions to remand fall into the category of "dispositive motions," under which a Magistrate Judge has no power to order. See Flam v. Flam, 788 F.3d 1043, 1047 (9th Cir. 2015) ("Because a 28 U.S.C. § 1447(c) remand order is dispositive of all federal proceedings in a case . . ., a motion to remand is properly characterized as a dispositive motion under 28 U.S.C. § 636(b)(1)(A), meaning that a remand order cannot be issued by a magistrate judge. Thus, a magistrate judge presented with a motion for remand should provide a report and recommendation to the district court that is subject to de novo review[.]").

Further, should this case be removed to this court in the future, the parties should file with this court a notice of related cases. See Local Rule 123.